[Cite as *Ferrell v. Ohio State Univ. Med. Ctr.*, 2022-Ohio-2937.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Megan Ferrell, [Individually and as Parent and Natural Guardian of C.F., a Minor], | : | |
| | : | |
| Plaintiff-Appellant, | | No. 21AP-278 |
| | : | (Ct. of Cl. No. 2018-00002JD) |
| v. | | |
| | : | (REGULAR CALENDAR) |
| The Ohio State University Medical Center et al., | : | |
| | | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on August 23, 2022

**On brief:** *The Becker Law Firm, L.P.A., Michael F. Becker,* and *David W. Skall; Paul W. Flowers Co., L.P.A., Paul W. Flowers,* and *Louis E. Grube,* for appellant. **Argued:** *Paul W. Flowers.*

**On brief:** *Dave Yost*, Attorney General, and *Brian M. Kneafsey, Jr.*, for appellees; *Arnold, Todaro, Welch & Foliano Co., L.P.A., Gerald J. Todaro,* and *Gregory B. Foliano*, special counsel for appellees. **Argued:** *Gerald J. Todaro.*

APPEAL from the Court of Claims of Ohio

LUPER SCHUSTER, P.J.

{¶ 1} In this medical malpractice case, plaintiff-appellant, Megan Ferrell, individually and as parent and natural guardian of C.F., a minor, appeals from a judgment of the Court of Claims of Ohio in favor of defendants-appellees, The Ohio State University Medical Center and The Ohio State University College of Medicine (collectively "OSU"). For the following reasons, we reverse and remand.

## I. Factual and Procedural Background

{¶ 2}   In January 2018, Ferrell refiled a complaint against OSU alleging claims of medical negligence, lack of informed consent, and loss of consortium.  The claims arose from Ferrell's delivery of her son, C.F., at OSU's hospital in 2005.  The matter proceeded to a remote trial via videoconference in November and December 2020.  In April 2021, the trial court issued a decision and corresponding judgment finding in favor of OSU as to Ferrell's claims.  The trial court found that the evidence was in equipoise, with Ferrell thus failing to carry her burden of proving her claims by a preponderance of the evidence.

{¶ 3}   Ferrell timely appeals.

## II. Assignments of Error

{¶ 4}   Ferrell assigns the following errors for our review:

> [1.] The Court of Claims erred, as a matter of law, and otherwise committed an abuse of discretion, by failing to adjudicate the independent claim for lack of informed consent.
>
> [2.] The Court of Claims denied plaintiff-appellant her fundamental rights of due process and a fair trial, and otherwise committed an abuse of discretion, by failing to afford any consideration to the testimony of one of her obstetrical experts.
>
> [3.] The Court of Claims' determination that the trial testimony was "in equipoise" and findings in favor of the defense on comparative fault and proximate cause are contrary to the manifest weight of the evidence.

## III. Discussion

{¶ 5}   Because it resolves this appeal, we first address Ferrell's second assignment of error, which asserts the trial court violated her due process rights as a litigant.  A fundamental principle of due process is that a litigant is entitled to be heard in accordance with law.  *Cole v. Tubbs*, 8th Dist. No. 104117, 2016-Ohio-8321, ¶ 18.  At the trial in this case, 13 experts testified live, 6 on Ferrell's behalf and 7 on OSU's behalf.  The trial court, as part of its discussion and analysis of Ferrell's claims against OSU, summarized the testimony of the 7 experts for OSU and "[p]laintiffs' experts," identified as the 6 who testified live on Ferrell's behalf.  (Apr. 28, 2021 Decision at 5.)  Ferrell's seventh expert, Fred J. Duboe, M.D., did not testify live at trial.  As to this expert, Ferrell relied on his

videorecorded deposition testimony. But the trial court's decision makes no reference to Dr. Duboe or his testimony. Ferrell argues the trial court violated her due process rights by overlooking or ignoring Dr. Duboe's testimony. Based on our review of the record, we agree.

{¶ 6} At the start of trial, Ferrell informed the court that Dr. Duboe, a board-certified obstetrician gynecologist with 30 years of clinical experience, would not testify live, and that she was relying on the previously filed trial deposition of this expert. Dr. Duboe opined that OSU deviated from acceptable standards of care during C.F.'s delivery, and that these deviations caused injury to C.F. In response to the filing of this trial deposition, OSU filed a motion in limine concerning certain opinions that Dr. Duboe gave at that deposition. OSU argued those opinions were not previously disclosed in his reports or discovery deposition and thus should be excluded from consideration as a sanction for Ferrell's procedural rule violation. The trial court expressly noted OSU's filing of the motion in limine, deferred any ruling as to Dr. Duboe's testimony, and advised OSU to set forth and argue any challenged opinions in post-trial briefing. In her post-trial brief, Ferrell argued that the testimony of her experts, including Dr. Duboe, demonstrated OSU's negligence and failure to obtain informed consent. Conversely, OSU argued, inter alia, that the opinion testimony of Dr. Duboe (and Ferrell's other expert witnesses) regarding standard of care and injury causation were persuasively rejected by OSU's experts. OSU did not, however, challenge any of Dr. Duboe's trial deposition opinions on the basis that it had not been previously disclosed. Further, in this appeal, Ferrell refers to Dr. Duboe as "the most significant" expert to testify on her behalf. (Appellant's Brief at 39.) Similarly, OSU characterizes Dr. Duboe's testimony as "ubiquit[ous] in the testimony of other experts and in the parties' briefs." (Appellees' Brief at 31.) Thus, despite the parties' agreement that Ferrell relied heavily on Dr. Duboe's testimony in her case against OSU and despite the trial court identifying and summarizing the testimony of every other expert in the case (six for Ferrell and seven for OSU), the trial court's decision makes no reference to Dr. Duboe or his testimony.

{¶ 7} OSU argues it is not possible that the trial court overlooked Dr. Duboe's testimony considering the omnipresence of his opinions in other experts' testimony and in the parties' trial court briefing. But we are not persuaded that this omnipresence means

the trial court did not overlook or ignore Dr. Duboe's testimony for the purpose of its liability decision.  To the contrary, the centrality of Dr. Duboe's testimony to Ferrell's case makes the absence of any reference to his testimony in the trial court's decision, finding the evidence to be in equipoise, even more glaring—especially considering the testimony of every other expert witness is individually summarized in the trial court's decision.

{¶ 8} Alternatively, OSU argues the trial court may have properly disregarded Dr. Duboe's opinions that were not previously disclosed in his discovery deposition, as OSU had requested in its motion in limine filed prior to trial, and as the trial court, at the start of trial, indicated it would.  But in OSU's post-trial briefing, it did not, as the trial court requested, renew its argument that the trial court should disregard certain Dr. Duboe opinions as a sanction for not disclosing that evidence during discovery.  And even if the trial court intentionally disregarded certain Dr. Duboe opinions because they were undisclosed during discovery, OSU's argument does not address the remainder of Dr. Duboe's trial deposition testimony concerning previously disclosed opinions or matters within his personal knowledge.

{¶ 9} The trial court, as the finder of fact, generally was not required to discuss, in its decision, testimony it considered and found unconvincing.  However, the absence of any reference to Dr. Duboe or his testimony in the trial court's decision, even though the trial court otherwise individually summarized the testimony of every other trial expert as part of its discussion and analysis, leads us to conclude that the trial court violated Ferrell's due process rights by overlooking testimony of this central expert for Ferrell in determining OSU's liability to Ferrell.  Accordingly, on these facts, we sustain Ferrell's second assignment of error.

{¶ 10} In her first assignment of error, Ferrell contends the trial court erred in not adjudicating her lack of informed consent claim.  And Ferrell's third assignment of error alleges the trial court's judgment was against the manifest weight of the evidence.  Because we must remand this matter to the trial court for it to address Dr. Duboe's testimony, which could affect its disposition of Ferrell's claims, these assignments of error are moot for the purpose of this appeal.

## IV. Disposition

{¶ 11} Having sustained Ferrell's second assignment of error, and finding as moot her first and third assignments of error, we reverse the judgment of the Court of Claims of Ohio and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed;*
*cause remanded.*

SADLER and DORRIAN, JJ., concur.