[Cite as *M.F. v. Ohio State Univ. Med. Ctr.*, 2023-Ohio-4799.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [M.F., Individually and as Parent and Natural Guardian of C.F., a Minor], | : | |
| | : | |
| Plaintiff-Appellant, | : | No. 23AP-297 |
| | : | (Ct. of Cl. No. 2018-00002JD) |
| v. | : | (REGULAR CALENDAR) |
| The Ohio State University Medical Center et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 28, 2023

**On brief:** *The Becker Law Firm*, *L.P.A.*, *Michael F. Becker*, and *David W. Skall*; *Flowers & Grube*, and *Paul W. Flowers*, for appellant. **Argued:** *Paul W. Flowers*.

**On brief:** *Dave Yost*, Attorney General, and *Brian M. Kneafsey, Jr.*, for appellees; *Arnold, Todaro, Welch & Foliano Co., L.P.A.*, *Gerald J. Todaro*, and *Gregory B. Foliano*, special counsel for appellees. **Argued:** *Gerald J. Todaro*.

APPEAL from the Court of Claims of Ohio

DORRIAN, J.

{¶ 1} Plaintiff-appellant, M.F., individually and as parent and natural guardian of C.F., a minor, appeals from a judgment of the Court of Claims of Ohio in favor of defendants-appellees The Ohio State University Medical Center and The Ohio State University College of Medicine (collectively "OSU"). For the following reasons, we reverse and remand.

## I. Facts and Procedural Background

{¶ 2}   This case is before this court after a remand emanating from our decision in [*M.F.*] *v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 21AP-278, 2022-Ohio-2937.[1]   We borrow liberally from that case much of the following factual and procedural background.

{¶ 3}   In January 2018, M.F. refiled a complaint against OSU alleging claims of medical negligence, lack of informed consent, and loss of consortium arising from M.F.'s 2005 delivery of her son, C.F., at OSU's medical center.  *Id.* at ¶ 2.  The matter was tried remotely by videoconference in late 2020.  *Id.*  At the start of trial, M.F. notified the court that one of her obstetrical experts, Dr. Fred J. Duboe, M.D., would not be testifying live; instead, M.F. would be relying on Dr. Duboe's previously filed videorecorded deposition testimony.  *Id.* at ¶ 6.  In that deposition, Dr. Duboe opined that OSU's deviation from acceptable standards of care during C.F.'s delivery caused injury to C.F.  *Id.*  In response to the filing of Dr. Duboe's deposition, OSU filed a motion in limine, arguing that certain opinions provided by Dr. Duboe in his trial deposition were not previously disclosed in his reports or discovery deposition and, thus, should be excluded from consideration as a sanction for M.F.'s procedural rules violation.  *Id.*  The trial court deferred ruling on Dr. Duboe's testimony and advised OSU to set forth and argue any challenged opinions in its post-trial briefing.  *Id.*

{¶ 4}   During trial, 13 experts testified live, 6 on behalf of M.F. and 7 on behalf of OSU.  *Id.* at ¶ 5.  In her post-trial briefing, M.F. argued that the testimony provided by her experts, including Dr. Duboe, demonstrated OSU's negligence and failure to obtain informed consent.  *Id.* at ¶ 6.  OSU argued in its post-trial briefing that the opinion testimony of Dr. Duboe (and M.F.'s other expert witnesses) as to standard of care and injury causation were persuasively rejected by OSU's experts.  *Id.*  OSU did not, however, challenge any of Dr. Duboe's trial deposition opinions on the basis that they had not been previously disclosed.  *Id.*

---

[1] M.F.'s application for reconsideration, wherein she requested this court modify its remand order to require the assignment of a new trial judge, was denied.  [*M.F.*] *v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 21AP-278 (Oct. 4, 2022) (memorandum decision).  The Supreme Court of Ohio refused discretionary review of this court's denial of M.F.'s application for reconsideration.  [*M.F.*] *v. Ohio State Univ. Med. Ctr.*, 169 Ohio St.3d 1425, 2023-Ohio-212.

{¶ 5}   On April 28, 2021, the trial court issued a decision and corresponding judgment entry finding in favor of OSU.  *Id.* at ¶ 2.  The court found that the evidence was in equipoise, with M.F. thus failing to carry her burden of proving her claims by a preponderance of the evidence.  *Id.*  As part of its discussion and analysis, the court identified and summarized the testimony of the 13 experts who testified live at trial; however, the court did not reference Dr. Duboe or his testimony.  *Id.* at ¶ 5.

{¶ 6}   M.F. appealed the trial court's judgment to this court, assigning three errors. *Id.* at ¶ 4.  We found dispositive M.F.'s second assignment of error, which argued the Court of Claims denied her right to due process of law by failing to afford any consideration to Dr. Duboe's testimony. *Id.* at ¶ 4, 5.  We determined that the absence of any reference to Dr. Duboe or his testimony in the Court of Claims' decision, even though the court otherwise individually summarized the testimony of every other trial expert as part of its discussion and analysis, constituted a violation of M.F.'s due process rights by overlooking the testimony of M.F.'s central expert in determining OSU's liability to M.F.  *Id.* at ¶ 5.

{¶ 7}   In so concluding, we found no merit to OSU's argument that the omnipresence of Dr. Duboe's opinions in other experts' testimony and in the parties' trial court briefing meant that the Court of Claims did not overlook or ignore Dr. Duboe's testimony.  *Id.* at ¶ 7.  Noting M.F.'s claim that Dr. Duboe was the most significant expert to testify on her behalf, we concluded the centrality of Dr. Duboe's testimony to M.F.'s case made the Court of Claims' failure to reference it in its decision particularly glaring considering that the court individually summarized the testimony of every other expert witness.  *Id.* at ¶ 7.

{¶ 8}   We also rejected OSU's alternative argument that the Court of Claims may have properly disregarded Dr. Duboe's opinions that were not previously disclosed in his discovery deposition.  *Id.* at ¶ 8.  We noted that in OSU's post-trial briefing, it did not renew its contention that Dr. Duboe's opinions should be disregarded as a sanction for failing to disclose that evidence during discovery.  *Id.*  We further noted that even if the Court of Claims intentionally disregarded certain Dr. Duboe opinions because they were not disclosed during discovery, OSU's argument did not address the remainder of Dr. Duboe's trial deposition testimony regarding previously disclosed opinions or matters within his personal knowledge.  *Id.*

{¶ 9} Accordingly, we sustained M.F.'s second assignment of error, reversed the Court of Claims' judgment, and remanded the matter to that court for it to address Dr. Duboe's testimony. *Id.* at ¶ 9-10. Noting that consideration of Dr. Duboe's testimony could affect the court's disposition of M.F.'s claims, we found moot M.F.'s first and third assignments of error. *Id.* at ¶ 10.

{¶ 10} Following disposition of post-judgment proceedings in this court and the Supreme Court of Ohio, M.F. filed in the Court of Claims a motion seeking leave to file supplemental briefing to address matters that had developed during the pendency of the appeal. In its memorandum contra, OSU argued that all evidence, including Dr. Duboe's deposition and trial testimony, had been submitted to the court during trial; as such, allowance of supplemental briefing would contravene this court's directive that the Court of Claims address Dr. Duboe's testimony and determine whether that testimony affected the disposition of the case. The Court of Claims denied M.F.'s motion, noting this court's mandate only directed the court to review Dr. Duboe's testimony and determine whether such testimony altered the court's previous disposition on the liability issue; the mandate did not direct the Court of Claims to order supplemental briefing, accept new evidence, or conduct a new trial.

{¶ 11} On April 12, 2023, the Court of Claims issued a supplemental decision and corresponding judgment entry. Therein, the Court of Claims initially averred that its failure to reference Dr. Duboe's testimony in its original decision was because no testimony from Dr. Duboe had been adduced, i.e., Dr. Duboe did not testify at trial and, although M.F. filed a copy of Dr. Duboe's deposition in advance of trial, she never moved to admit it into evidence. The Court of Claims asserted that M.F.'s failure to seek admission of Dr. Duboe's deposition testimony at trial, coupled with M.F.'s claim on appeal that it failed to consider Dr. Duboe's testimony, arguably constituted invited error.

{¶ 12} Nonetheless, the Court of Claims, recognizing that it had no discretion to disregard this court's mandate that it address Dr. Duboe's testimony, averred that it had reviewed that testimony as well as the court's previous findings, conclusions, and judgment on the liability issue. Based on this review, the Court of Claims again found the evidence was in equipoise, with M.F. thus failing to carry her burden of proving her claims of medical

negligence, lack of informed consent,[2] and loss of consortium by a preponderance of the evidence. Accordingly, the court again rendered judgment in favor of OSU.

## II. Assignments of Error

{¶ 13} M.F. timely appeals and assigns the following two errors for our review:

[I.] The Court of Claims erred, as a matter of law, by holding that Dr. Duboe's testimony had not been properly admitted into evidence.

[II.] The Court of Claims' determination that the trial testimony was "in equipoise" and findings in favor of the defense on comparative fault and proximate cause are contrary to the manifest weight of the evidence.

## III. Discussion

{¶ 14} In her first assignment of error, M.F. asserts the Court of Claims erred as a matter of law by holding that Dr. Duboe's testimony had not been properly admitted into evidence. We need not resolve the admissibility issue because the Court of Claims ultimately recognized that it was without discretion to disregard this court's mandate to review Dr. Duboe's testimony. However, it appears the court reviewed Dr. Duboe's discovery deposition rather than his videorecorded trial deposition. Indeed, the statements provided by Dr. Duboe on which the Court of Claims relied in concluding that M.F. failed to present expert testimony establishing that OSU's deviation from acceptable standards of care during C.F.'s delivery proximately caused C.F.'s injuries were taken from Dr. Duboe's April 20, 2016 discovery deposition. The Court of Claims' decision makes no reference to Dr. Duboe's February 14, 2020 videorecorded trial deposition.

{¶ 15} OSU concedes the Court of Claims "disregarded Dr. Duboe's video trial testimony and relied on his discovery deposition." (OSU's Brief at 15.) OSU's proposed justifications for the court's failure to consider Dr. Duboe's trial deposition testimony are unavailing. This court's directive was clear and concise—review Dr. Duboe's trial deposition testimony and determine whether that testimony altered the court's previous

---

[2] The trial court acknowledged that it had inadvertently failed to expressly address M.F.'s lack of informed consent claim in its original decision.

disposition on the liability issue. The court recognized this directive in its entry denying M.F.'s motion for leave to file supplemental briefing on remand.

{¶ 16} "[A]bsent extraordinary circumstances, such as an intervening decision by [the Supreme Court of Ohio], an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St.3d 1, 5 (1984). There were no extraordinary circumstances present in this case. Consequently, the Court of Claims did not have discretion not to review Dr. Duboe's videorecorded trial deposition testimony.

{¶ 17} M.F. urges that rather than simply reversing the Court of Claims' judgment and remanding the case for consideration of Dr. Duboe's videorecorded trial deposition testimony, this court should review that testimony and enter its own finding that the case is no longer in equipoise and that M.F. has established her claims by a preponderance of the evidence. In support, M.F. cites to *Rosenshine v. Med. College Hosps.*, 10th Dist. No. 11AP-374, 2012-Ohio-2864. There, the trial court entered judgment in favor of the appellee on the appellant's wrongful death and survivorship claims. *Id.* at ¶ 6. This court reversed the trial court's judgment on manifest weight of the evidence grounds and entered judgment for the appellant. *Id.* at ¶ 28, 35. We considered the testimony of the sole causation expert for each party and concluded that neither party's expert testimony constituted competent, credible evidence to support the trial court's judgment in favor of the appellee. *Id.* at ¶ 28. We further found that the appellant met her burden of proof as to proximate cause via her expert's testimony. *Id.* at ¶ 34.

{¶ 18} We noted that pursuant to App.R. 12(C), when a trial court decision results from a bench trial, an appellate court may " 'either weigh the evidence in the record and render the judgment or final order that the trial court should have rendered on that evidence or remand the case to the trial court for further proceedings.' " *Id.* at ¶ 29, quoting App.R. 12(C). We further noted that "[e]ven with a bench trial, given the alternatives presented by App.R. 12(C), we would be inclined to remand for further proceedings and thus defer to the trial court regarding factual findings because we respect the trial court's function of generally weighing the evidence." *Id.*, citing *Walton v. Dept. of Rehab. & Corr.*, 10th Dist. No. 91AP-935 (June 25, 1992), citing *State v. DeHass*, 10 Ohio St.2d 230 (1967). However, based upon the "unusual circumstances" presented in the case, we found it

appropriate to weigh the evidence presented as to proximate cause and render judgment as to liability. *Id.* Among those "unusual circumstances" were that the parties agreed to submit the case on documentary evidence, which rendered inapplicable the general maxim that the trial court is in the best position to determine credibility by viewing voice inflection, demeanor, and gestures. *Id.* We further noted the significant delay in adjudicating the case, the trial court having released its decision 13 years after the complaint was filed. *Id.* We found that under such circumstances, remanding the case for a new trial would further delay the determination of liability as well as prolong the stressful judicial process for all parties involved. *Id.*

{¶ 19} Unlike in *Rosenshine,* numerous experts testified on both sides of the instant case. Moreover, the "unusual circumstances" present in *Rosenshine* are not present here. Although this case was tried remotely, the Court of Claims was able to see and hear all of the witnesses live via videoconference and was thus in the best position to determine their credibility—unlike in *Rosenshine* where the trial court did not see or hear the witnesses. Further, on remand, the Court of Claims will be able to assess Dr. Duboe's credibility, as his trial deposition testimony was videorecorded. Finally, the concerns raised in *Rosenshine* regarding the delay in the adjudication process are less significant in this case. To date, although lengthy, just under six years have passed since M.F. refiled her complaint. Moreover, we are not remanding the case for a new trial; rather, we are remanding the case for the Court of Claims to review Dr. Duboe's videorecorded trial deposition testimony and determine whether that testimony alters its previous disposition on M.F.'s claims.

{¶ 20} Finally, we decline M.F.'s request that we order the case to be assigned to a different trial judge on remand. In our memorandum decision denying M.F.'s application for reconsideration of our prior decision, we considered and rejected an identical request. We continue to find nothing in the record indicating the trial judge would be unable to review Dr. Duboe's videorecorded trial deposition testimony fairly and impartially in the context of again determining the merits of M.F.'s claims against OSU. We further note that assignment of the case to a different trial judge would further delay the determination of liability, as a new judge would need to review and digest the voluminous record.

{¶ 21} Accordingly, for all the foregoing reasons, we sustain M.F.'s first assignment of error.

{¶ 22} In her second assignment of error, M.F. essentially contends the Court of Claims' judgment was against the manifest weight of the evidence. Because we must remand this matter to the Court of Claims for it to address Dr. Duboe's videorecorded trial deposition testimony, which could affect its disposition of M.F.'s claims, this assignment of error is moot for purposes of this appeal.

## IV. Disposition

{¶ 23} Having sustained M.F.'s first assignment of error, and finding as moot her second assignment of error, we reverse the judgment of the Court of Claims of Ohio and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed; cause remanded.*

BEATTY BLUNT, P.J., and MENTEL, J., concur.

_____